# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRADLEY L. McMORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1451RWS |
| | ) | |
| DON ROPER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner Bradley L. McMorris seeks a writ of habeas corpus. He alleges that his constitutional rights were violated because (1) the State of Missouri violated the Due Process Clause by failing to present sufficient evidence to differentiate the multiple offenses he was charged with committing; (2) the State of Missouri violated the Due Process Clause because the prosecutor made inappropriate comments, bolstering and testimony at trial; (3) the Prosecutor made unsubstantiated assertions, in particular that McMorris promised to stop sexually abusing his victim if she improved her grades; and (4) he received ineffective assistance of counsel based on counsel's failure to object to the prosecutor's inappropriate comments, bolstering and testimony at trial.

I referred this matter to United States Magistrate Judge Lewis M. Blanton for a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On March 5, 2010, Judge Blanton filed his recommendation that Petitioner's habeas petition should be denied.

McMorris raises three objections to the Magistrate Judge's recommendation that habeas relief be denied. I have conducted a <u>de</u> <u>novo</u> review of all matters relevant to the petition and address each objection below.

*Objection 1*

McMorris argues that the Magistrate Judge erred in finding that only three claims were asserted. Although McMorris does not identify which claim he raised that was not addressed, I have reviewed his petition and note that McMorris appears to assert a claim for ineffective assistance of counsel that arguably was not addressed. McMorris claims he received ineffective assistance of counsel due to counsel's failure to object to the prosecutor's inappropriate comments, bolstering and testimony at trial.

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The Supreme Court's decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims under 28 U.S.C. § 2255. <u>See</u> <u>Caban v. United States</u>, 281 F.3d 778, 781 (8th Cir. 2002). In order for a convicted defendant to prove that his counsel was ineffective, the defendant must first show that counsel's performance was deficient. <u>Strickland</u>, 466 U.S. at 687. To do so, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. <u>Id.</u> at 687–88. Judicial scrutiny of an attorney's performance must be highly deferential, and thus, the courts should employ a strong

presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. The defendant must also "show that the deficient performance prejudiced the defense." Id. at 687. He or she must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

McMorris argues that the trial court erred in finding that defense counsel's silence was a matter of strategy. At McMorris's evidentiary hearing, counsel testified that she did not make certain objections as a matter of trial strategy because she did not wish "bolster the testimony of" C.K. or highlight other issues to the jury. McMorris claims defense counsel's strategy was unreasonable.

On habeas review, courts "will not second-guess strategic decisions or exploit the benefits of hindsight." Flowers v. Norris, 585 F.3d 413, 417 (8th Cir. 2009). "Generally, trial strategy and tactics are not cognizable in a federal habeas corpus proceeding." Becker v. Luebbers, 578 F.3d 907, 913 n.4 (8th Cir. 2009). In this case, McMorris argues that he received ineffective assistance of counsel because of his trial counsel's strategic decision. Because defense counsel's strategic decisions are entitled to great deference, I conclude that defense counsel's performance was not unreasonable. As a result, I reject McMorris's claim that he received ineffective assistance of counsel.

*Objection 2*

McMorris argues that the Magistrate Judge erred in finding there was no reasonable likelihood that C.K.'s allegedly perjured testimony could have affected the jury's verdict. During McMorris's trial, the jury requested that the trial judge send a copy of C.K.'s grades to the jury: "Can we see [C.K.'s] report cards? We need evidence of her grades." The trial court did not provide copies of C.K.'s report cards. McMorris does not claim that the Magistrate Judge erred in finding that the prosecution knew or should have known C.K.'s testimony was perjured. I find that the Magistrate Judge correctly analyzed McMorris's petition and correctly applied the law in reaching his recommendation that Ground 3 be denied. As a result, McMorris's objection is overruled.

*Objection 3*

In his third objection, McMorris argues he has a due process right to impeach C.K.'s testimony that she was with him almost every weekend from January 1999 to January 2000 to prove his actual innocence. McMorris does not state in which way he believes the Magistrate Judge erred, but I interpret McMorris's argument to mean that the Magistrate Judge erred in finding that the State of Missouri presented sufficient evidence to convict him of multiple offenses in Ground 1. I find that the Magistrate Judge correctly analyzed McMorris's petition and correctly applied the law in reaching his recommendation that Ground 1 be denied. As a result, McMorris's objection is overruled.

*Conclusion*

I find that the Magistrate Judge correctly analyzed McMorris's grounds for relief and correctly applied the law in reaching his recommendation. After careful consideration, I will adopt and sustain the thorough reasoning of the Magistrate Judge and will deny McMorris's habeas petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that McMorris has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation [#19] filed on March 5, 2010 is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that Petitioner Bradley L. McMorris's Petition for Writ of Habeas Corpus [#1, #4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

Dated this 29th Day of March, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE